## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Precious Okereke,<br><br>                              Plaintiff,<br>  vs.<br><br>Judge Raymond Brassard<br><br>                              Defendant. | CASE NO. 11-CV-2781 LAB<br><br>**ORDER GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING CASE** |

      Precious Okereke filed this action against Massachusetts Superior Court Judge Raymond Brassard on Nov. 30, 2011.  Now pending is Ms. Okereke's Motion to Proceed *In Forma Pauperis* ("IFP").

**I.**    **IFP Motion**

      All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a).  Ms. Okereke has submitted an IFP application that sufficiently demonstrates her inability to pay the $350 filing fee. Ms. Okereke receives public assistance, has just $18 in the bank, and is paying back student loans and taking care of her child.  Her Motion to Proceed *In Forma Pauperis* is therefore **GRANTED**.

**II.**    **Initial Screening**

      Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action

commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

### A.   Legal Standard

A complaint must plead facts that "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.   Discussion

Ms. Okereke alleges that Judge Brassard violated her due process rights and committed the tort of intentional infliction of emotional distress. She also alleges cruel and unusual punishment, material misrepresentation of facts, and conspiracy. These claims arise out of a lawsuit brought by Ms. Okereke against her former school, the Massachusetts College of Pharmacy & Allied Sciences, that Judge Brassard dismissed.

This court finds Okereke's claims against Judge Brassard unintelligible, and

regardless they are barred by the doctrine of judicial immunity.  The Supreme Court has long recognized "the need for absolute immunity to protect judges from lawsuits claiming that their decisions had been tainted by improper motives." *Butz v. Economou* 438 U.S. 478, 508 (1978).  *See also In re Castillo*, 297 F3d 940, 947 (9th Cir. 2002) ("Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of appellate procedures as the standard system for correcting judicial error...Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.").

For the above reasons, Ms. Okereke's complaint fails to state a claim upon which relief may be granted.  It is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

DATED:  February 14, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge